**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRUSTEES OF THE PLUMBERS
LOCAL 98 PENSION FUND,

                                       Case No.:

      Plaintiffs,                          Hon.

v.

J.T.'S ENTERPRISES, INC., and HISTORIC
PLUMBING, LLC,

      Defendants.

_____/

**MATTHEW I. HENZI  P57334**
**DAVID J. SELWOCKI P51375**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiffs
25800 Northwestern Hwy., Suite 1000
Southfield, MI 48075
248.746.0700
mhenzi@swappc.com

_____/

**<u>COMPLAINT</u>**

      **NOW COME** the Trustees of the PLUMBERS LOCAL 98 PENSION FUND, by and

through their attorneys, SULLIVAN, WARD, ASHER & PATTON, P.C., and for their

Complaint against Defendants, J.T.'S ENTERPRISES, INC., and HISTORIC PLUMBING,

LLC, state as follows:

      1.      Plaintiffs are the Trustees of the Plumbers Local 98 Pension Fund, (the "FUND").

The FUND is a Trust fund established under and administered pursuant to §302 of the Labor

Management Relations Act (the "LMRA"), 29 USC §186; and, the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 USC §1001 et seq., with administrative offices in the City

of Troy, Oakland County, Michigan.

2.      Defendant, J.T.'S ENTERPRISES, INC., is a Michigan corporation with its principal place of business in the State of Michigan (hereinafter "J.T.'s").  This Defendant did business as J.T.'s Plumbing.

3.      Defendant HISTORIC PLUMBING, LLC (hereinafter "HISTORIC"), is a Michigan limited liability company with its principal offices in the State of Michigan.

4.      Defendant HISTORIC is the alter ego of J.T.'s and/or HISTORIC and J.T.'s are single employers by virtue of their inter-relationship of operations, ownership and control of the entities, among other things.

5.      This is an action for the collection of withdrawal liability pursuant to 29 USC §1451 and 29 USC §1145.  Jurisdiction and venue are proper in this Court pursuant to 29 USC §1451 and 29 USC §1132.  Further, this Court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer.

6.      This Complaint seeks to impose liability on J.T.'s for withdrawal liability.  This Complaint seeks to impose liability on HISTORIC for withdrawal liability and all other liabilities arising out of the subject Collective Bargaining Agreement, because HISTORIC was purposely created as a means to evade these obligations on the part of J.T.'s.  Based on the fact HISTORIC was formed merely with the intent to evade these liabilities, HISTORIC should be responsible for all liabilities of J.T.'s.

## **GENERAL ALLEGATIONS**

7.      The FUND is administered by a Joint Board of Trustees, pursuant to the terms and provisions of its Agreement and Declaration of Trust.  The FUND was established pursuant to the Collective Bargaining Agreement entered into between the Plumbers Local 98 Union (the

"UNION") and certain employers and employer associations, whose members employ members of the Union, and the Fund is required to be administered and maintained in accordance with the provisions of the LMRA, ERISA, and other applicable state and federal laws.

8.     At all relevant times through June 18, 2012, J.T.'s was bound to a Collective Bargaining Agreement with the UNION.

9.     Plaintiff FUND is a third-party beneficiary of the Collective Bargaining Agreement.

10.     Pursuant to the terms and provisions of the Collective Bargaining Agreement between J.T.'s and the Union, J.T.'s agreed to pay, in addition to wages, employee fringe benefit contributions to the FUND for each employee employed by J.T.'s and covered by the Agreement.

### COUNT I WITHDRAWAL LIABILITY –
### Breach of 29 USC §1392(c)

11.     Plaintiffs hereby incorporate by reference paragraphs 1 through 10 above as fully set forth herein.

12.     Beginning April 2009, J.T.'s permanently ceased all operations that required it to make employee benefit contributions to the FUND.

13.     Pursuant to 29 USC §1381 and §1983, ERISA §4201 and §4203, when an Employer withdraws from a multiemployer plan, such as Plaintiff FUND, withdrawal liability is assessed.

14.     Based on J.T.'s/HISTORIC's cessation of contributions to the FUND, it has incurred withdrawal liability in the amount of $896,408.00.

15.     On June 10, 2014, Plaintiffs submitted a demand for payment of withdrawal liability to J.T.'s pursuant to 29 USC §1399.

16.     Pursuant to the demand provided by the Plaintiffs as set forth above, J.T.'s was to make its first payment toward the withdrawal liability on July 1, 2014, as set forth in an amortization schedule.  29 USC §1399.

17.     Despite J.T.'s legal duty to make its first withdrawal liability payment, J.T.'s failed to do so.

18.     On July 30, 2014, Plaintiff provided a sixty-day notice to J.T.'s requiring J.T.'s to make the payments as required or the entire balance would become due, including all accrued interest.  29 USC §1399(c)(5).

19.     Despite the requirements of federal law and the demands made by Plaintiff, J.T.'s has failed and/or refused to pay its withdrawal liability and/or the accrued interest.

20.     Pursuant to 29 USC §1451 the failure to pay withdrawal liability as required is to be treated in the same manner as failure to make ongoing contribution payments within the meaning of 29 USC §1145.

21.     Pursuant to 29 USC §1132(g)(2), all Judgments obtained pursuant to 29 USC §1145 are mandated to include not only the unpaid contributions, but attorney fees, costs, liquidated damages and interest on the withdrawal liability.

22.     Despite Plaintiffs' demands, J.T.'s continues to refuse to pay the due and owing withdrawal liability and/or the accrued interest.

23.     The principal of J.T.'s elected to wind-down the affairs of J.T.'s and create a new entity called HISTORIC, for the purpose of avoiding withdrawal liability or any other obligations arising out of J.T.'s Collective Bargaining Agreement with the UNION.

24.     HISTORIC is merely a disguised continuance of J.T.'s, as alleged throughout this Complaint.

25.     Because HISTORIC was formed merely to evade withdrawal liability, it is responsible for the withdrawal liability assessed to J.T.'s.

26.     Pursuant to 29 USC §1392(c), if a principal purpose of any transaction is to avoid withdrawal liability, then withdrawal liability should be determined and collected without regard to such transaction.

27.     Therefore, HISTORIC is liable for the withdrawal liability assessment of J.T.'s since the principal purpose for HISTORIC's creation was to avoid and/or evade the Plaintiffs' withdrawal liability assessment.

**WHEREFORE**, Plaintiffs respectfully request that a Judgment be entered against the Defendants and to include the following:

A.     Withdrawal liability in the amount of $896,408.00 plus all accrued interest;

B.     The Judgment shall include the mandates of 29 USC §1132(g)(2) which include interest, liquidated damages, costs, and attorney fees, upon further submissions to the Court;

C.     This Honorable Court maintain jurisdiction of this matter pending compliance with the Court's Orders;

D.     Any such other, further or different relief as may be just and equitable under the circumstances.

### COUNT II – ALTER EGO/SUCCESSOR/SUCCESSOR EMPLOYER – The Formation and Maintenance of Historic Plumbing, LLC was done merely to evade J.T.'S Enterprises, Inc.'s Liabilities Arising out of J.T.'S Enterprises, Inc.'s Collective Bargaining Agreement

28.     Plaintiffs hereby incorporate by reference paragraphs 1 through 27 above as though fully set forth herein.

29.     Defendant HISTORIC is an alter ego of J.T.'s and Defendants' HISTORIC and J.T.'s are a single employer, by virtue of their substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.

30.     Matthew Pewarchie was the sole owner of J.T.'s.  Mr. Pewarchie is also the sole owner of HISTORIC.

31.     Mr. Pewarchie was the sole employee of both J.T.'s and HISTORIC.

32.     Based on the above, J.T.'s and HISTORIC have substantially identical management and ownership, since the owner and officer of the original company is also the owner and officer of the successor company.

33.     HISTORIC was formed on April 10, 2009.  J.T.'s ceased contributing fringe benefit contributions pursuant to Collective Bargaining Agreement in April 2009.

34.     J.T.'s performed plumbing work and remitted fringe benefit contributions for hours worked in the plumbing industry pursuant to Collective Bargaining Agreement through work month April 2009.

35.     HISTORIC has performed plumbing work since April 2009.  HISTORIC has not remitted fringe benefit contributions to the FUND for its work in the plumbing industry.

36.     Plaintiff Local 98 Fringe Benefits Funds obtained a Default and Default Judgment against Defendant HISTORIC, based on the Court's finding that HISTORIC was a successor entity of Defendant J.T.'s.  *Plumbers Local 98 Fund Benefit Pension Fund, et al. v. J.T.'s Enterprises, Inc. d/b/a J.T.'s Plumbing and Matthew D. Pewarchie,* Case No. 09-cv-11408, Doc. #81.

37.     Upon information and belief, Matthew Pewarchie is performing work and driving a commercial vehicle with signage indicating "Historic Plumbing & Heating."  Based on

Plaintiffs' investigation, this vehicle is the same vehicle Mr. Pewarchie operated bearing signage with the name "J.T.'s Plumbing" on it. Further, both companies utilize the same phone number.

38.     Based on the above, it is clear that J.T.'s and HISTORIC have substantially identical business purposes and operations.

39.     HISTORIC and J.T.'s share the same sole employee.

40.     Upon information and belief, J.T.'s and HISTORIC have substantially identical customers.

41.     Due to the fact that Defendant HISTORIC is an alter ego/single employer of J.T.'s, Defendant HISTORIC is responsible for J.T.'s breaches of the Collective Bargaining Agreement, and HISTORIC is responsible for all liabilities of Defendant J.T.'s, including the withdrawal liability assessed against J.T.'s, as set forth above.

42.     Moreover, and without limitation to the above, HISTORIC was created for, and/or and at a minimum maintained in whole or at least in part, to avoid J.T.'s obligations under the Collective Bargaining Agreement with the UNION, including the withdrawal liability assessed against J.T.'s as set forth above.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant the following relief:

A.     Enter a judgment in favor of Plaintiff against Defendant HISTORIC PLUMBING, LLC in the amount of $896,408.00 for those amounts set forth in withdrawal liability assessed against J.T.'s on or about June 10, 2014, plus all accrued interest.

B.     The Judgment shall include the mandates of 29 USC §1132(g)(2) which include interest, liquidated damages, costs, and attorney fees, upon further submissions to the Court;

C.     This Honorable Court maintain jurisdiction of this matter may be retained pending compliance with the Court's Orders; and

D.   Any such other, further, or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

/s/ Matthew I. Henzi
Sullivan, Ward, Asher & Patton, P.C.
Attorney for Plaintiffs
25800 Northwestern Hwy., Suite 1000
Southfield, MI  48075
248.746.0700
brogers@swappc.com
P51375

Dated:  May 18, 2016
W1815777.DOC